MICHAEL WILLWERTH, Respondent, v. STERLING FIRE INSURANCE COMPANY, Appellant.— Appeal from an order of the Supreme Court, Special Term, Schoharie County, which denied a motion pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, to dismiss the complaint herein for failure to prosecute. The action was based upon a policy of insurance against automobile collision damage and was commenced by the service of a bare summons on February 11, 1949. The case appeared on the trial calendar in Schoharie County at several terms although no complaint had been served. The complaint was apparently finally served some time in March, 1953. Although a considerable period of time elapsed between the date when the summons was served and the time when the complaint was finally served, no motion was made by the defendant for dismissal of the action. We do not find that the Special Term abused its discretion in refusing to grant the motion to dismiss. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

In the Matter of the Accounting of ALLEN D. POTTER et al., as Executors of FRANK P. DOWE, Deceased. ALBERT A. DOWE, Appellant; ALLEN D. POTTER et al., Executors and Trustees under the Will of FRANK P. DOWE, Respondents.— Appeal from a decree of the Surrogate's Court of Ulster County, entered October 16, 1952, settling the accounts of the executors and trustees. Two executors served for approximately twenty years. The will left the life use of a small estate to the widow with broad powers in connection with the disposal of assets, but without expressed powers of invading the principal. The record does not reveal any personal gain or dishonesty on the part of the executors. They did the best they could to take care of the widow, and, the record indicates, with complete consent of the six adult children. Now on this appeal one objects to technical mistakes that the executors might have made. On trivial matters the executors may have technically, and unwittingly, exceeded their powers. The executors improperly took part of their commissions before they were allowed, but the Surrogate has sustained that objection and fixed their lawful commissions with no loss to the estate. The record discloses that on major decisions the executors acted at the time with the consent of all the interested parties. All of the other numerous objections relate only to factual situations, which the Surrogate has decided. We see no reason to disturb the Surrogate's decree. Decree unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.